HOLLAND & KNIGHT LLP
ASHLEY L. SHIVELY (SBN 264912)
REBECCA G. DURHAM (SBN 319403)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
E-mail: ashley.shively@hklaw.com,
rebecca.durham@hklaw.com

Attorneys for Defendants
Acushnet Company and Acushnet Holdings Corp.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TANNER, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>ACUSHNET COMPANY and ACUSHNET HOLDINGS CORP.,<br><br>      Defendants. | ) Case No.: 8:23-cv-00346-HDV-ADS<br>)<br>) **DEFENDANTS' NOTICE OF**<br>) **MOTION AND MOTION TO**<br>) **DISMISS PLAINTIFF'S FIRST**<br>) **AMENDED COMPLAINT;**<br>) **MEMORANDUM OF POINTS**<br>) **AND AUTHORITIES IN**<br>) **SUPPORT THEREOF**<br>)<br>) *[Proposed] Order submitted*<br>) *concurrently*<br>)<br>) Date: Oct. 19, 2023<br>) Time: 10:00 a.m.<br>) Dept: 5B<br>) Judge: Hon. Hernan D. Vera |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Holland & Knight LLP*
*560 Mission Street, Suite 1900*
*San Francisco, CA 94105*
*Tel: (415) 743-6900*
*Fax: (415) 743-6910*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

## <u>NOTICE OF MOTION AND MOTION</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 19, 2023, at 10:00 a.m., in Courtroom 5B, United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, before the Hon. Hernan D. Vera of the above-referenced Court, defendants Acushnet Company and Acushnet Holdings Corp. (collectively "Acushnet") will move, and hereby do move, this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to enter an Order dismissing Plaintiff's Complaint in its entirety.

This Motion is made on the grounds that the Complaint falls short of the pleading requirements of Fed. R. Civ. P. 8(a), as articulated in the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, the Complaint should be dismissed for failure to state a claim.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Court file, any response that Plaintiff may file, any reply that Acushnet may file, and any further evidence and argument as may be presented to the Court prior to or at the hearing on this Motion.

This Motion is made following the conferences of counsel pursuant to L.R. 7-3, which occurred on April 18, 2023 and June 27, 2023.

Dated: July 6, 2023

HOLLAND & KNIGHT LLP

/s/ *Rebecca G. Durham*
Rebecca G. Durham
Ashley L. Shively
Attorneys for Defendants
Acushnet Company and Acushnet Holdings Corp.

– 2 –          Case No.: 8:23-cv-00346-HDV-ADS

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...........................................................................................11

II.   FACTUAL BACKGROUND ......................................................................12

III.  LEGAL STANDARD..................................................................................13

IV.  ARGUMENT................................................................................................14

    A.  Plaintiff's CIPA Claim Fails Because He Does Not Show Any Underlying Wrongdoing............................................................................14

        1.  Plaintiff Fails to Allege that Acushnet's Software Providers Acted as Independent Third Parties.........................................14

        2.  Plaintiff Fails to Allege that Acushnet's Software Providers Intercepted the "Contents" of Any Communication............................16

        3.  Plaintiff Does Not Allege that Acushnet's Software Providers Intercepted Communications While "In Transit."................................17

    B.  Plaintiff's Invasion of Privacy Claims Fail. .................................................19

        1.  Plaintiff Fails to Show That He Had a Reasonable Privacy Expectation. .....................................................................20

        2.  Plaintiff Fails to Show that Acushnet's Alleged Invasion of Privacy was Highly Offensive........................................................22

    C.  Plaintiff's Common Law Claim for Publication of Private Facts Must Be Dismissed..........................................................................23

    D.  Plaintiff's Statutory Larceny Claim Fails Because Plaintiff's Browsing History on Acushnet's Websites Is Not Property. ...................................24

    E.  Plaintiff's Claim for Violating the UCL Must Be Dismissed. ...................26

        1.  Plaintiff Does Not Have Standing to Bring His UCL Claim. ...............26

        2.  Acushnet Did Not Act Fraudulently. ...................................................27

        3.  Acushnet Did Not Act Unlawfully. ......................................................29

        4.  Acushnet Did Not Act Unfairly. ..........................................................29

        5.  Plaintiff Has An Adequate Remedy At Law .......................................30

    F.  Plaintiff's Claims are Barred by the Statute of Limitations. .....................31

    G.  The FAC Should be Dismissed Without Leave to Amend. .......................31

V.   CONCLUSION ..........................................................................................31

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Apple Inc.*,
500 F. Supp. 3d 993 (N.D. Cal. 2020).....................................................27, 28

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................... 13, 14, 24

*Bateman v. Bloomingdale's, Inc.*,
No. 6:22-cv-02007 (M.D. Fl.) (filed Nov. 1, 2022) ...........................................13

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................... 13, 14

*Belluomini v. Citigroup Inc. et al.*,
No. 13-cv-01743-CRB, 2013 WL 5645168 (N.D. Cal. Oct. 16, 2013) .............22

*Berryman v. Merit Prop. Mgmt., Inc.*,
152 Cal. App. 4th 1544 (2007)...................................................................29

*Brodsky v. Apple Inc.*,
445 F. Supp. 3d 110 (N.D. Cal. 2020)..............................................................16

*Byars v. Hot Topic, Inc.*,
No. EDCV 22-1652-JBG-KKx, --F. Supp. 3d--, 2023 WL 2026994
(C.D. Cal. Feb. 14, 2023) ................................................................. 14, 16, 17

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ...................................................................29

*Cody v. Boscov's Inc.*,
No. 8:22-cv-01434-SSS-KKx, 2023 WL 2338302 (C.D. Cal. Mar. 2,
2023) ................................................................................... 15, 16

*Daugherty v. American Honda Motor Co., Inc.*,
144 Cal. App. 4th 824 (2006).......................................................................28

*Durand v. U.S. Customs*,
163 Fed. Appx. 542 (9th Cir. 2006) ...............................................................24

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

*Durham v. Cabelas, LLC,*
   No. 2:23-cv-01630 (C.D. Cal.) (filed Mar. 5, 2023) ........................................13

*Ebner v. Fresh, Inc.,*
   838 F.3d 958 (9th Cir. 2016) .........................................................................31

*In re Facebook, Inc. Internet Tracking Litigation,*
   956 F.3d 589 (9th Cir. 2020) .........................................................................21

*Folgelstrom v. Lamps Plus, Inc.,*
   195 Cal. App. 4th 986 (2011) .........................................................................23

*In re Google Inc. Gmail Litig.,*
   No. 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26,
   2013) ...............................................................................................................14

*In re Google, Inc. Privacy Policy Litigation,*
   58 F. Supp. 3d 968 (N.D. Cal 2014) ...............................................................22

*Graf v. Zynga Game Network, Inc.* (*In re Zynga Privacy Litig.*),
   750 F.3d 1098 (9th Cir. 2014) ........................................................................16

*Graham v. Noom, Inc.,*
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ................................................ 15, 16, 17

*Gregory v. Albertson's, Inc.,*
   104 Cal. App. 4th 845 (2002) .........................................................................30

*Hadley v. Kellogg Sales Company,*
   243 F. Supp. 3d 1074 (N.D. Cal. 2017) ..........................................................30

*Hammerling v. Google LLC,*
   615 F. Supp. 3d 1069 (N.D. Cal. 2022) ................................................ 19, 27, 28

*Hammerling v. Google LLC,*
   No. 21-cv-09004-CRB, 2022 WL 17365255 (N.D. Cal. Dec. 1, 2022) ............23

*Harris v. Garcia,*
   734 F. Supp. 2d 973 (N.D. Cal. 2010) .............................................................25

Case No.: 8:23-cv-00346-HDV-ADS

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT

*Hayden v. The Retail Equation*,
No. 20-cv-01203-DOC-DFM, 2022 WL 2254461 (C.D. Cal. May 4, 2022), *reconsideration granted on other grounds*, 2022 WL 3137446 (C.D. Cal. July 22, 2022) ...............................................................................23

*Hazel v. Prudential Financial, Inc. et al.*,
No. 22-cv-07465-CRB, 2023 WL 3933073 (N.D. Cal., June 9, 2023) .............27

*Hernandez v. Hillsides, Inc. et al.*,
47 Cal. 4th 272 (2009) ...............................................................................22

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (Cal. 1994)...........................................................................20, 24

*Hodson v. Mars, Inc.*,
891 F.3d 857 (9th Cir. 2018)........................................................................30

*In re iPhone Application Litigation*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012).......................................................22

*Katz, et al. v. Oracle America, Inc.*,
No. 22-cv-04792-RS, --F. Supp. 3d.--, 2023 WL 2838118 (N.D. Cal. April 6, 2023) ...............................................................................................26

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002)........................................................................18

*Kwikset Corp. v. Super. Ct.*,
51 Cal. 4th 310 (2011) ...............................................................................26

*Licea v. Cinmar, LLC*,
No. 22-cv-06454-MWF-JEM, --F. Supp. 3d--, 2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) ...............................................................................19

*LiMandri v. Judkins*,
52 Cal. App. 4th 326 (1997)...................................................................27, 28

*Lopez v. Apple, Inc.*,
519 F. Supp. 3d 672 (N.D. Cal 2021).........................................................20

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012).................................................20, 25

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

Case No.: 8:23-cv-00346-HDV-ADS
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Martin v. Sephora USA, Inc.*,
   No. 1:22-cv-01355-JLT-SAB, 2023 WL 2717636 *recommendations adopted in* 2023 WL 3061957 (April 24, 2023) ................................................18

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) ...........................................................18

*Matousek v. Noom, Inc.*,
   No. 2:23-cv-01639 (C.D. Cal.) (filed Mar. 6, 2023).........................................13

*Mintz v. Mark Bartelstein & Assocs. Inc.*,
   906 F. Supp. 2d 1017 (C.D. Cal. 2012)............................................................27

*Montalti v. Catanzariti*,
   191 Cal. App. 3d 96 (1987).............................................................................31

*Motors, Inc. v. Times Mirror Co.*,
   102 Cal. App. 3d 735 (1980)...........................................................................29

*Nasir v. Papa John's International, Inc.*,
   No. 6:22-cv-02006 (M.D. Fl.) (filed Nov. 1, 2022; dismissed Jan. 9, 2023) ...............................................................................................................13

*Nationwide Biweekly Admin., Inc. v. Super. Ct.*,
   462 P.3d 461 (Cal. 2020) ................................................................................31

*Pena v. Gamestop*,
   22-cv-01635-JLS-MDD, 2023 WL 3170047 (S.D. Cal. Apr. 27, 2023) ......................................................................................................18, 19

*People v. Davis*,
   19 Cal. 4th 301 (1998) ....................................................................................25

*People v. Williams*,
   57 Cal. 4th 776 (2013) ....................................................................................25

*Perea v. Walgreen Co.*,
   939 F. Supp. 2d 1026 (C.D. Cal. 2013)............................................................29

*Rodriguez v. Google LLC*,
   No. 20-cv-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022) .................19

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

Case No.: 8:23-cv-00346-HDV-ADS

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008) *aff'd*, 380 Fed. Appx. 689 (9th Cir. 2010)........................................................................................................22

*Saleh v. Nike et. al.*,
562 F. Supp. 3d 503 (C.D. Cal. Sept 27, 2021) ........................................17, 21

*Schroeder v. United States*,
569 F.3d 956 (9th Cir. 2009)..................................................................31

*Shulman v. Group W Productions, Inc.*,
18 Cal. 4th 200 (1998) .........................................................................23

*Siry Investment, L.P. v. Farkhondehpour et al.*,
13 Cal. 5th 333 (2022) .........................................................................26

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020)..................................................................31

*Spiegler v. Home Depot U.S.A. Inc.*,
552 F. Supp. 2d 1036 (C.D. Cal. 2008).................................................29, 30

*Swaim v. Cabela's, Inc.*,
No. 9:22-cv-81568 (S.D. Fl.) (filed Oct. 12, 2022; dismissed Jan. 25, 2023) ..............................................................................................13

*Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*,
992 F. Supp. 2d 962 (C.D. Cal. 2014) .......................................................29

*Tavernetti v. Superior Court*,
22 Cal. 3d 187 (1978) ..........................................................................14

*Thompson v. Home Depot, Inc.*,
No. 07-cv-01058-IEG, 2007 WL 2746603 (S.D. Cal. Sept. 18, 2007)..............25

*Toston v. JetBlue Airways Corp.*,
No. 2:23-cv-01156 (C.D. Cal.) (filed Feb. 15, 2023)....................................13

*Valenzuela v. Keurig Green Mt., Inc.*,
No. 3:22-cv-09042-JSC, 2023 WL 3707181 (N.D. Cal. May 24, 2023) ..............................................................................................18, 19

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

– 8 –        Case No.: 8:23-cv-00346-HDV-ADS

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*In re Vizio Inc.*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) ...........................................................19

*Williams v. What If Holdings*, *LLC*,
   No. 22-cv-03780-WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22,
   2022) ...........................................................................................................17, 20

*Windham v. Davies*,
   No. 1:14-cv-01651-LJO-SAB, 2015 WL 461628 (E.D. Cal. Feb. 3,
   2015) .................................................................................................................24

*Yoon v. Lululemon USA, Inc.*,
   549 F. Supp. 3d 1073 (C.D. Cal. 2021) .................................................16, 17, 21

**Statutes**

18 U.S.C. § 2510(8) ......................................................................................................16

Cal. Bus. & Prof. Code § 17200.................................................................................26

Cal. Code Civ. Proc. § 335.1.......................................................................................31

Cal. Code Civ. Proc. § 340(a) .....................................................................................31

Cal. Penal Code § 484..................................................................................................24

Cal. Penal Code §§ 484 and 496 .................................................................................13

Cal. Penal Code § 484(a) .............................................................................................25

Cal. Penal Code § 631(a) .......................................................................................*passim*

Cal. Penal Code § 637.2...............................................................................................13

Federal Wiretap Act..............................................................................................16, 18

California Invasion of Privacy Act, Cal. Penal Code §§ 630 et seq. ......................11

Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq* ..................*passim*

**Court Rules**

Fed. R. Civ. P. 8(a)(2)..................................................................................................13

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Rule 12(b)(6) ...................................................................................................11

**Other Authorities**

Rest. 2d Torts, § 652D .......................................................................................24

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff John Tanner brings this copycat complaint challenging defendants Acushnet Company and Acushnet Holdings Corp.'s (collectively "Acushnet") use of a routine software-based solution that improves the design, functionality, and user experience of its consumer-facing e-commerce websites, Titleist.com and FootJoy.com. Specifically, Plaintiff claims that the software Acushnet uses, for instance, to identify, troubleshoot, and remediate bugs on its websites constitutes "eavesdropping," and "unfair business practices" in violation of state statutes, as well as common law and constitutional invasion of privacy. The First Amended Complaint (hereinafter "FAC") fails on its face, and should be dismissed under Rule 12(b)(6).

Plaintiff cannot state a claim based on Acushnet allegedly "aiding and abetting" a vendor's eavesdropping on users of its websites under section 631(a) of the California Invasion of Privacy Act, Cal. Penal Code §§ 630 et seq. ("CIPA"). Plaintiff does not plead facts showing the vendor's underlying violation of the statute, or any use of data that goes beyond simply supplying the information back to Acushnet.

Plaintiff's CIPA claim fails for two additional reasons: *First*, Plaintiff's allegations fail to demonstrate that any communication was intercepted "in transit" as he must. *Second*, the website activity Plaintiff claims was captured—links clicked, keystrokes, and search terms—simply is not "contents of a communication" within scope of the law, and thus not actionable.

Plaintiff's "statutory larceny" claim fails because a consumer's browsing activity on an e-commerce website is not property. Plaintiff also fails to allege (i) a consensual transfer; (ii) title in "property"; and (iii) that his communications with Acushnet's websites were without consent. Nor has he alleged that Acushnet intends to permanently deprive him of his "property." He thus fails to allege the elements of a false pretenses or larceny claim.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

Plaintiff's common law claim of intrusion upon seclusion and invasion of privacy rights under the California Constitution both fail because Plaintiff cannot allege a reasonable expectation of privacy in his communications with Acushnet's websites, and because the conduct alleged is not highly offensive.

Plaintiff cannot allege an invasion of privacy via a public disclosure of private facts because Plaintiff fails to allege that Acushnet made a (1) public disclosure (2) of private fact (3) which would be offensive and objectionable to the reasonable person. Thus, he fails to allege the elements of this common law tort.

Finally, Plaintiff's claim under the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq* ("UCL") fails because he does not have standing and does not demonstrate that Acushnet engaged in business practices that were "fraudulent," "unlawful," or "unfair."

For all of these reasons and others discussed below, the Court should dismiss Plaintiff's claims in their entirety and without leave to amend.

## II.    FACTUAL BACKGROUND

Plaintiff alleges that at some unspecified time "prior to filing this action" he visited two of Acushnet's brands' websites, Titleist.com and FootJoy.com (the "Websites"). FAC ¶¶ 65, 88. Notably, Plaintiff does not allege he is a Titleist or FootJoy customer or made a purchase on either Website. Even in his amended complaint, he still provides no explanation as to why he purportedly visited the Websites. While Plaintiff repeatedly alleges he sent "communications" while using the Websites [*e.g. id.* ¶¶ 65, 69, 72, 73, 75, *passim*], he never alleges what specific communication he claims to have sent. Nor does he dispute that he intended to communicate with Acushnet while on the Websites. *E.g., id.* ¶¶ 81, 85.

Instead, Plaintiff alleges in conclusory fashion that Acushnet used "'Session Replay Code' spyware to allow others to track, record, and attempt to learn the contents of [his] … electronic communications," [*id.* ¶ 108] and to collect information including

– 12 –                 Case No.: 8:23-cv-00346-HDV-ADS

"mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff and Class Members, and pages and content clicked on and viewed by Plaintiff." *Id*. ¶ 81. According to Plaintiff, this conduct violates section 631(a) of CIPA; Cal. Penal Code §§ 484 and 496; constitutes as an invasion of Plaintiff's constitutional privacy, an intrusion upon seclusion, and a publication of private facts; and a violation of the UCL. *Id*. ¶ 62. He seeks to represent a class of "[a]ll natural persons in California whose Website Communications were captured in California through the use of Session Replay Code embedded in www.titleist.com and in www.footjoy.com" to the greater of treble actual damages or statutory damages pursuant to CIPA section 637.2, declaratory and injunctive relief, disgorgement of profits, and punitive damages. *Id*. ¶¶ 91, 119-21, and Request for Relief.[1]

## III.   LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)] and "to state a claim to relief that is plausible on its face." *Id*. at 570..

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] Since late-2022, Plaintiff's counsel has filed a number of nearly identical complaints asserting the same boilerplate allegations against website owners. *See, e.g., Durham v. Cabelas, LLC*, No. 2:23-cv-01630 (C.D. Cal.) (filed Mar. 5, 2023); *Matousek v. Noom, Inc.*, No. 2:23-cv-01639 (C.D. Cal.) (filed Mar. 6, 2023); *Toston v. JetBlue Airways Corp.*, No. 2:23-cv-01156 (C.D. Cal.) (filed Feb. 15, 2023); *Bateman v. Bloomingdale's, Inc.*, No. 6:22-cv-02007 (M.D. Fl.) (filed Nov. 1, 2022; dismissed Jan. 13, 2023); *Swaim v. Cabela's, Inc.*, No. 9:22-cv-81568 (S.D. Fl.) (filed Oct. 12, 2022; dismissed Jan. 25, 2023); *Nasir v. Papa John's International, Inc.*, No. 6:22-cv-02006 (M.D. Fl.) (filed Nov. 1, 2022; dismissed Jan. 9, 2023).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## IV.  ARGUMENT

### A.  Plaintiff's CIPA Claim Fails Because He Does Not Show Any Underlying Wrongdoing.

Section 631(a) of CIPA contains three operative clauses covering "three distinct and mutually independent patterns of conduct": (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire," and (3) "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Tavernetti v. Superior Court*, 22 Cal. 3d 187, 192 (1978); *accord In re Google Inc. Gmail Litig.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at \*15 (N.D. Cal. Sept. 26, 2013). Section 631(a) further contains a fourth basis for liability, for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the" other three bases for liability. Cal. Penal Code § 631(a).

Plaintiff's first claim for relief, for aiding and abetting under CIPA, fails because he has not established that Acushnet's software vendors are (1) third-party eavesdroppers (2) who intercepted the "contents" of his communication (3) while "in transit." Cal. Penal Code § 631(a).

### 1.  Plaintiff Fails to Allege that Acushnet's Software Providers Acted as Independent Third Parties.

In order to plead Acushnet's liability for "aiding and abetting" under CIPA, a plaintiff must first adequately plead the third party's underlying violation of the statute. *Byars v. Hot Topic, Inc.*, No. EDCV 22-1652-JBG-KKx, --F. Supp. 3d--, 2023 WL

– 14 –                Case No.: 8:23-cv-00346-HDV-ADS

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

2026994, at *9 (C.D. Cal. Feb. 14, 2023). Courts have held that software service providers are not third party eavesdroppers if they simply assist a party to a communication with analyzing and using its own data. *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832-33 (N.D. Cal. 2021) (held session replay software provider was an extension of website owner (rather than a third party eavesdropper) that allowed defendant website owner to record and analyze its own data in aid of defendant's business). Rather, a plaintiff must provide facts showing that third party software providers are "recording [a] [d]efendant's customers' information for some use or potential future use beyond simply supplying this information back to [d]efendant [website owner]." *Cody v. Boscov's Inc.*, No. 8:22-cv-01434-SSS-KKx, 2023 WL 2338302, at *2 (C.D. Cal. Mar. 2, 2023); *see also Graham*, 533 F. Supp. 3d at 832-33 (dismissing CIPA aiding and abetting claim because the plaintiff made no allegations that the software provider "intercepted and used the data itself").

While Plaintiff makes numerous allegations with regards to Acushnet's actions, he fails to allege facts to establish that any third party intercepted and used Acushnet customer data for <u>its own</u> purpose. *See, e.g.*, FAC ¶ 6 ("The Session Replay Providers create a video replay of … the user's behavior on the website <u>and provide it to Acushnet</u> for analysis, marketing, and other uses") (emphasis added); FAC ¶ 113 ("Acushnet purposefully installed code which allows it to eavesdrop and learn the contents of its users' communications"); FAC ¶ 115 ("Acushnet's conduct is highly objectionable"); FAC ¶ 118 ("Acushnet has improperly profited from its invasion of Plaintiff['s] … privacy"). In fact, most of Plaintiff's allegations regarding session replay is about what "most" session replay software "could," "in general," do. *See, e.g.*, *id.* ¶¶ 30-33, 35-40. He does not allege that the software on Acushnet's Websites possessed such capabilities, or that Acushnet configured the software to use those features on its Websites.

– 15 –                    Case No.: 8:23-cv-00346-HDV-ADS
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT

Thus, Plaintiff's derivative liability claim against Acushnet fails, because he has not alleged facts to show that Acushnet's software vendors are third party eavesdroppers. *See Byars,* 2023 WL 2026994 at *9; *Graham*, 533 F. Supp. 3d at 832; *Cody*, 2023 WL 2338302 at *2.

**2.      Plaintiff Fails to Allege that Acushnet's Software Providers Intercepted the "Contents" of Any Communication.**

Regardless of the status of Acushnet's software providers, Plaintiff fails to establish that the information they allegedly intercepted was protected under CIPA. In particular, Plaintiff does not allege facts to plausibly demonstrate that Acushnet's software providers intercepted the "contents" of his communications.

The standard for determining the "contents" of a communication is the same for both the Federal Wiretap Act and CIPA. *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020). The Federal Wiretap Act defines "contents" as "any information concerning the substance, purport, or meaning of [a] communication." 18 U.S.C. § 2510(8). The Ninth Circuit further clarified this definition by holding that "the term 'contents' refers to the intended message conveyed by the communication" and not "record information regarding the characteristics of the message that is generated in the course of communication," such as a customer's "'name,' 'address,' and 'subscriber number or identity.'" *Graf v. Zynga Game Network, Inc.* (*In re Zynga Privacy Litig.*), 750 F.3d 1098, 1106-07 (9th Cir. 2014) (holding "referer header information … transmitted to third parties … does not meet the definition of 'contents,' because these pieces of information are not the 'substance, purport, or meaning' of a communication"). Device data, such as "the date and time of the visit, the duration of the visit, [a p]laintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device" also does not "constitute[] message content." *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021); *see*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

*also Graham*, 533 F. Supp. 3d at 833 (IP addresses, locations, browser types, and operating systems are "not content").

Plaintiff's allegations confirm that Acushnet's software providers only captured record information. Specifically, Plaintiff alleges that he "communicated with Acushnet website by using his mouse to hover and click on certain products and typing search words into the search bar." FAC ¶ 68. He goes on to claim that the software at issue allows for the capture of "every button, keystroke and link a user taps, whether the user has taken any screenshots, text entries (including password and credit card information), and how much time a user spent on the website." *Id*. ¶ 114.; *see also id.* ¶¶ 5, 34, 62, 81.[2]   Plaintiff additionally claims that Acushnet[3] "obtain[ed] certain [unspecified] information about his device and browser." *Id*. ¶ 70. None of this information is "content" under CIPA. *Yoon*, 549 F. Supp. 3d at 1082-83; *Graham*, 533 F.Supp. 3d at 833.

Accordingly, because the information purportedly collected by Acushnet's software providers is not "'contents' of a communication" under CIPA, Plaintiff cannot maintain his claim. *Graham*, 533 F.Supp. 3d at 833 (dismissing CIPA claim "to the extent that it [was] predicated on non-content information").

### 3.  Plaintiff Does Not Allege that Acushnet's Software Providers Intercepted Communications While "In Transit."

Finally, Plaintiff fails to allege his communications were intercepted while "in transit." For an electronic communication to be "'intercepted … it must be acquired

---

[2] Notably, Plaintiff does not allege he took screenshots, entered a password, or supplied credit card information to make a purchase on the Websites.
[3] During parties' Meet & Confer call on June 27, 2023, Plaintiff's counsel confirmed he does not bring a direct liability CIPA claim against Acushnet. To the extent such a claim was alleged, however, it fails. Acushnet is not liable under CIPA because it was a party to all communications at issue. *Williams v. What If Holdings*, *LLC*, No. 22-cv-03780-WHA, 2022 WL 17869275, at *3 (N.D. Cal. Dec. 22, 2022) (holding a "party to the communication is exempt from liability under CIPA"); *Saleh v. Nike et. al.*, 562 F. Supp. 3d 503, 519 (C.D. Cal. Sept 27, 2021) (same); *see also Byars*, 2023 WL 2026994 at *8-10 (declining "to ignore the many federal cases finding a direct party exemption under Section 631(a)").

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

during transmission, not while it is in electronic storage.'" *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002); *see also Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021) (noting Cal. Penal Code § 631(a) protects communications that are "'in transit'" or 'passing over' a line, wire, or cable or as they were 'being sent or 'received'"). This definition reinforces that the "crucial question" under section 631(a)'s second clause is whether the communication at issue was read "while it was still in transit, i.e. before it reached its intended recipient." *Mastel*, 549 F. Supp. 3d at 1137; *Valenzuela v. Keurig Green Mt., Inc.*, No. 3:22-cv-09042-JSC, 2023 WL 3707181, *5 (N.D. Cal. May 24, 2023) (noting that "'[w]hile' is the key word here"); *see also Pena v. Gamestop*, 22-cv-01635-JLS-MDD, 2023 WL 3170047, *5 (S.D. Cal. Apr. 27, 2023) (noting that CIPA's "while the same is in transit" has same effect as "intercept" in federal Wiretap Act, and that courts look to cases analyzing the federal statute when applying CIPA's "in transit" requirement) (citing *Licea v. American Eagle Outfitters, Inc.*, No. 22-cv-01702-MWF-JPR, 2023 WL 2469630, at *8 (C.D. Cal. Mar. 7, 2023)).

Plaintiff objects to Acushnet's alleged use of third-party software to record and store Plaintiff's activity on Acushnet's Websites. *See* FAC ¶ 34. A recording of website activity, however, cannot be achieved until after the communication reaches its intended recipient. Therefore, Acushnet's access to video recording of Plaintiff's activity does not occur "during transmission" or in "real time' but <u>after</u> the activity was recorded. *See Martin v. Sephora USA, Inc.*, No. 1:22-cv-01355-JLT-SAB, 2023 WL 2717636, at *10 (holding that allegation software service provider had access to recorded website chat transcripts did not show "communications were intercepted while 'in transit'"), *recommendations adopted* in 2023 WL 3061957 (April 24, 2023).[4]

---

[4] Further, it is undisputed that Acushnet was the intended recipient of Plaintiff's communications, and thus party to the communication. "[Acushnet] cannot intercept communications to which [Acushnet] is already a party." *Pena v. Gamestop*, 2023 WL 3170047, at *6 (dismissing CIPA and federal Wiretap Act claim) (internal quotation marks omitted).

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

Plaintiff also alleges numerous times that his communications were intercepted; however, he fails to allege how Acushnet or its software providers reportedly intercepted these communications. *See* FAC ¶¶ 5-9, 25, 69, 72-73, 82, 84, 103, 107, 111-114. The Court should ignore such conclusory allegations. *See Rodriguez v. Google LLC*, No. 20-cv-04688-RS, 2022 WL 214552, at * 2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [the defendant] is intercepting [plaintiffs] data in transit."); *In re Vizio Inc.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) ("vague allegations about how [defendant]'s data collection occurs 'in real time'" were insufficient to state federal wiretap claim).

Multiple California district courts have rejected substantially similar allegations to those here, finding them insufficient to show an "interception" under CIPA. *See, e.g., Licea v. Cinmar, LLC*, No. 22-cv-06454-MWF-JEM, --F. Supp. 3d--, 2023 WL 2415592, at *10 (C.D. Cal. Mar. 7, 2023) ("Bare allegations of recording and creating transcripts do not specifically allege that Plaintiffs' messages were intercepted while in transit."); *Pena*, 2023 WL 3170047, at *6 (same); *Valenzuela*, 2023 WL 3707181, at *5.

The outcome here should be no different and the Court should dismiss Plaintiff's CIPA claim because he fails to show that his communications were intercepted while "in transit."

### B. Plaintiff's Invasion of Privacy Claims Fail.

In his third and fourth claims for relief, Plaintiff alleges that Acushnet invaded Plaintiff's reasonable expectation of privacy afforded him by California's common law and the state Constitution. Due to the substantial overlap between these claims, "courts consider them together and ask (1) whether there is a reasonable expectation of privacy, and (2) whether the intrusion was highly offensive." *Hammerling v. Google LLC*, 615

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

F. Supp. 3d 1069, 1088 (N.D. Cal. 2022) (internal citations omitted); *see also Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) ("The California Constitution and the common law set a high bar for an invasion of privacy claim").

### 1.    Plaintiff Fails to Show That He Had a Reasonable Privacy Expectation.

California courts do "not recognize[] a general privacy interest in communications." *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 690 (N.D. Cal 2021). Rather, to show a reasonable expectation of privacy, a plaintiff must allege "an interest in 'precluding the dissemination of misuse of sensitive and confidential information' (referred to as 'information privacy') or 'making intimate personal decisions or conducting personal activities without observation, intrusion, or interference.'" *Id*. at 690-91 (citing *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1040 (N.D. Cal. 2014)). Whether a plaintiff possesses a legally protected privacy interest is "a question of law to be decided by the court." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 40 (Cal. 1994).

Plaintiff's asserted privacy interest here is to browse Acushnet's Websites "without observation" and "the right to visit and interact with various internet sites without being subjected to wiretaps." FAC ¶ 134. But because Plaintiff does not plead wiretapping [*see supra* Section IV.A], he cannot "plausibly plead a protected privacy interest under the California Constitution" or common law. *Williams v. What If Holdings, LLC*, No. 22-cv-03780-WHA, 2022 WL 17869275, at *5 (N.D. Cal. Dec. 22, 2022) (dismissing invasion of privacy claim under California Constitution based on alleged use of session replay software). The Court need not go any further and can dismiss both invasion of privacy claims on this basis alone. *See id.*; *see also Lopez*, 519 F. Supp. 3d at 690-91  (dismissing constitutional and common law privacy claims because plaintiffs failed to allege specific circumstances showing interception of confidential communications).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Even if that were not the case, Plaintiff fails to meet the high bar for establishing a reasonable expectation of privacy. When assessing whether such an expectation exists courts consider the sensitivity of the information collected, the manner of collection, and defendant's representations to its customers. *Compare In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 604-06 (9th Cir. 2020) (finding the sensitive nature of the full-string detailed URLs taken, combined with the nature of collection, i.e. after users had logged out of their Facebook accounts, "sufficiently pled a reasonable expectation of privacy") *to Saleh v. Nike, Inc.*, *et al.*, 562 F. Supp. 3d 503, 525 (C.D. Cal. 2021) (dismissing constitutional privacy claim because plaintiff failed to allege that session replay technology "collected intimate or sensitive personally identifiable information or [that defendants] otherwise disregarded [p]laintiff's privacy choices while simultaneously holding themselves out as respecting them"). As a general matter, courts have been "less willing to find that users have a cognizable privacy interest in browsing data collected only while users interact with the website of the defendant company." *Yoon*, 549 F. Supp. 3d at 1086 (dismissing constitutional privacy claim because failed to allege that session replay tracked plaintiff's data off defendant's website).

Plaintiff's allegations simply state that Acushnet invaded Plaintiff's privacy right by collecting his "web-browsing history," "electronic communications," and Web Communications," and "other individually identifying information" while he browsed Acushnet's Websites. FAC ¶¶ 135-36, 146, 153, 172. Plaintiff's inability to allege the specific sensitive nature of this information, combined with his failure to allege that Acushnet, or its software providers, collected Plaintiff's information <u>after</u> he left Acushnet's Websites do not establish a reasonable expectation of privacy. *Saleh*, 562 F. Supp. 3d at 525; *Yoon*, 549 F. Supp. at 1086.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

**2.    Plaintiff Fails to Show that Acushnet's Alleged Invasion of Privacy was Highly Offensive.**

To qualify as a "highly offensive" invasion of privacy, a plaintiff must show that the invasion constitutes an "egregious breach of the social norms." *Hernandez v. Hillsides, Inc. et al.*, 47 Cal. 4th 272, 287 (2009) (internal citations and quotations omitted). This requires a holistic approach that assesses relevant factors, such as "the degree and setting of the intrusion, and the intruder's motives and objectives." *Id*. Courts applying the standard have recognized that it represents a "high bar … for an intrusion highly offensive to a reasonable person." *Belluomini v. Citigroup Inc. et al.*, No. 13-cv-01743-CRB, 2013 WL 5645168 at *3 (N.D. Cal. Oct. 16, 2013) (internal citations and quotations omitted);  *see also Ruiz v. Gap, Inc.*, 540 F. Supp. 2d 1121, 1127-28 (N.D. Cal. 2008) *aff'd*, 380 Fed. Appx. 689 (9th Cir. 2010) (theft of retail store's laptop containing job applicants' personal information, including the social security numbers, did not constitute an egregious breach of privacy). Moreover, disclosure of consumer data to third parties, even when the collection and sharing is surreptitious, has been found not to meet this high bar. *See In re Google, Inc. Privacy Policy Litigation*, 58 F. Supp. 3d 968, 987-88 (N.D. Cal 2014) (finding allegations that defendant disclosed information to "third-party developers contrary to [its] own policies" did not qualify as a highly offensive invasion of privacy); *In re iPhone Application Litigation*, 844 F. Supp. 2d 1040, 1063, (N.D. Cal. 2012) (holding that <u>even if</u> the defendant disclosed Plaintiffs' "unique device identifier number, personal data, and geolocation information from Plaintiffs' iDevices" these allegations did "not constitute an egregious breach of social norms").

Plaintiff here fails to allege facts showing that Acushnet engaged in behavior that qualifies as an "egregious breach of the social norms." Rather, he alleges that Acushnet collects users' information for its own "analysis, marketing, and other uses," [FAC ¶ 6] including "to track and analyze website user interactions with its [own]

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

– 22 –          Case No.: 8:23-cv-00346-HDV-ADS

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

websites and their subpages." *Id.*¶ at 51. At best, this demonstrates "routine commercial behavior." *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 992 (2011) (holding that allegations that defendant collected plaintiff's address without his knowledge or permission, and used it to mail him coupons and other advertisements was "not an egregious breach of social norms, but routine commercial behavior"); *see also Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 WL 17365255 at *9 (N.D. Cal. Dec. 1, 2022) ("[Plaintiff]'s searches of a foot massager, slippers, meal subscriptions, coconut oil, and use of a photo editor are better characterized as data collection of 'routine commercial behavior,' not considered a highly offensive intrusion of privacy."). *Compare Hayden v. The Retail Equation*, No. 20-cv-01203-DOC-DFM, 2022 WL 2254461, at *7-8 (C.D. Cal. May 4, 2022), *reconsideration granted on other grounds*, 2022 WL 3137446 (C.D. Cal. July 22, 2022) (allegation that third-party vendor matched customer transaction data with social media profiles and other data to create customer "risk scores" that businesses then used to determine whether customer's merchandise return should be rejected, goes beyond routine commercial behavior).

Accordingly, because Plaintiff fails to allege the elements sufficient for invasion of privacy under both the California Constitution and common law, his third and fourth claims must be dismissed.

### C.    Plaintiff's Common Law Claim for Publication of Private Facts Must Be Dismissed.

There are four elements to public disclosure: "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern." *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 214 (1998) (internal citations and quotations omitted). Plaintiff's claim here fails out of the gate because, as discussed above, he has not alleged conduct

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

offensive and objectionable to a reasonable person. *See supra* IV.B.2.  The claim also fails because Plaintiff's conclusory allegations do not establish that Acushnet made a "public disclosure" or that the information at issue involved Plaintiff's "private facts."

A "public disclosure" must be "widely published and not confined to a few persons or limited circumstances." *Hill*, 7 Cal. 4th at 27 (citing Rest. 2d Torts, § 652D, com a). The Restatement clarifies that "publicity" differs from "publication." *See* Rest. 2d Torts, § 652D, comm a. Mere disclosure to a third party is not enough; rather, "publicity" requires a communication to the public at large through "any publication in a newspaper or magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience." *Id*. Plaintiff alleges nothing of the sort. If anything, Plaintiff's allegations establish that Acushnet's software providers did not even use the data at issue for their own purposes. *See e.g.* FAC ¶ 6,.

Plaintiff also falls short in alleging with specificity the private information Acushnet allegedly disseminated. *See* FAC ¶¶ 159-64 (merely describing data as "sensitive", "private", and "personal"). His vague and conclusory allegations are the type of "unadorned, the defendant-unlawfully-harmed-me accusation[s]" that the Supreme Court held impermissible in *Iqbal* and should be rejected here. *Iqbal*, 556 U.S. at 678.

### D.  Plaintiff's Statutory Larceny Claim Fails Because Plaintiff's Browsing History on Acushnet's Websites Is Not Property.

Plaintiff asserts a "statutory larceny" claim under California Penal Code sections 484 ("Theft defined") and 496 ("Receiving or concealing stolen property") for "obtaining property by false pretenses."[5] FAC ¶¶ 124-28.

---

[5] Section 484 merely defines "theft" and "does not contain any language suggesting that civil enforcement is available," nor is there "any authority that a violation of [§ 484] provides a private right of action." *Windham v. Davies*, No. 1:14-cv-01651-LJO-SAB, 2015 WL 461628, at *6 (E.D. Cal. Feb. 3, 2015); *Durand v. U.S. Customs*, 163

The claim fails at the outset because the data that Acushnet allegedly "stole" is not "property." *See, e.g., Low*, 900 F. Supp. 2d at 1030 ("[T]he weight of authority holds that a plaintiff's 'personal information' [including browsing histories] does not constitute property."); *see also Thompson v. Home Depot, Inc.*, No. 07-cv-01058-IEG, 2007 WL 2746603, at *3 (S.D. Cal. Sept. 18, 2007).

The Court should dismiss Plaintiff's false pretenses claim for the additional reason that Plaintiff does not allege elements of the claim, which include "the <u>consensual</u> transfer of possession as well as <u>title</u> of property[.] " *People v. Williams*, 57 Cal. 4th 776, 788 (2013) (emphasis in the original). Here, Plaintiff alleges nothing with respect to title, and (implausibly) alleges that Acushnet's receipt of Plaintiff's communications with the Websites was "without [Plaintiff's] consent." FAC ¶ 127; *but see id.* ¶ 78 (alleging Acushnet monitored communications "<u>between</u> Plaintiff's mobile computer … and the computer servers … utilized by Acushnet to operate its website[s].") (emphasis added).

Plaintiff's theory that Acushnet "stole" information [FAC ¶ 129] also fails. Larceny occurs when a defendant "(1) takes possession (2) of personal property (3) owned or possessed by another, (4) by means of trespass (5) with intent to steal the property, and (6) carries the property away." *Harris v. Garcia*, 734 F. Supp. 2d 973, 999 (N.D. Cal. 2010). "The intent to steal … is the intent … to deprive the owner <u>permanently</u> of possession." *People v. Davis*, 19 Cal. 4th 301, 305 (1998) (emphasis in the original). Plaintiff does not and cannot plausibly allege these elements. Again, Plaintiff freely provided the information to Acushnet, and as such, Plaintiff cannot plausibly allege anything was stolen in a manner constituting theft. Further, if Plaintiff ever "possessed" the information at issue—e.g, mouse clicks, keystrokes, search terms, and on-site browsing activity—he still possesses it. Acushnet merely has a copy, and

Fed. Appx. 542, 544-45 (9th Cir. 2006) (unreported) (no private cause of action for fencing stolen property under Cal. Penal Code § 484(a)).

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

thus there is no "taking." Plaintiff also does not allege that Acushnet intended to "permanently deprive" him of the information. Plaintiff thus has not alleged facts to establish the requisite criminal intent necessary to bring a civil claim for treble damages and attorneys' fees under the Penal Code. *Siry Investment, L.P. v. Farkhondehpour et al.*, 13 Cal. 5th 333, 361-62 (2022).

For all these reasons, the Court should dismiss Plaintiff's second claim for relief.

### E.   Plaintiff's Claim for Violating the UCL Must Be Dismissed.

Plaintiff's sixth claim for violation of the UCL must be dismissed because Plaintiff does not have standing and Acushnet did not act "unlawfully," "unfairly," or "fraudulently." *See* Cal. Bus. & Prof. Code § 17200. In addition, to the extent the Court finds any of Plaintiff's other claims adequately pled, he has an adequate legal remedy and his equitable UCL claim must be dismissed.

### 1.   Plaintiff Does Not Have Standing to Bring His UCL Claim.

"Over and above the demands of Article III, the UCL limits standing to those who have 'suffered injury in fact and ha[ve] lost money or property as a result of ... unfair competition.'" *Katz, et al. v. Oracle America, Inc.*, No. 22-cv-04792-RS, --F. Supp. 3d.--, 2023 WL 2838118, at *8 (N.D. Cal. April 6, 2023) (citing Cal. Bus. & Prof. Code § 17204); *see also Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 322 (2011) ("a party who has lost money or property … has suffered injury in fact."). The "weight of the authority" suggests that "the 'mere misappropriation of personal information' does not establish compensable damages" under the UCL. *Katz*, 2023 WL 2838118 at *8 (citing *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021));

Plaintiff cannot establish that he has "lost money or property," because the sole basis for his alleged economic injury is the hypothetical loss and damages relating to the alleged interception and covert collection of his personal information. *See* FAC ¶¶

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

168, 180-183. *Hazel v. Prudential Financial, Inc. et al.*, No. 22-cv-07465-CRB, 2023 WL 3933073, at *6 (N.D. Cal., June 9, 2023) (holding "just because [p]laintiffs' data is valuable in the abstract, and because [defendant's software provider] might have made money from it, does not mean that [p]laintiffs have 'lost money or property' as a result"); *see also Mintz v. Mark Bartelstein & Assocs. Inc.*, 906 F. Supp. 2d 1017, 1035 (C.D. Cal. 2012) (rejecting plaintiff's allegation that his personal information was a form of property sufficient to maintain a cause of action under the UCL).

Accordingly, Plaintiffs UCL claim must be dismissed for lack of standing.

## 2. Acushnet Did Not Act Fraudulently.

When the underlying behavior for a UCL claim is based on an omission, as it is here (*see* FAC ¶¶ 5, 176-178), the omission must either be "contrary to a representation actually made by the defendant, or an omission of a fact that defendant was obliged to disclose." *Anderson v. Apple Inc.,* 500 F. Supp. 3d 993, 1012 (N.D. Cal. 2020) (citing *Hodson v. Mars, Inc.*, 891 F.3d 857, 861 (9th Cir. 2018)). Plaintiff identifies no contrary representation, and accordingly, Plaintiff must show that Acushnet had a duty to disclose the use of session replay software on its Websites to state a fraud-based UCL claim.

A duty to disclose exists when "(1) the defect at issue relates to an unreasonable safety hazard or (2) the defect is material, 'central to the product's function,' and the plaintiff alleges one of the four *LiMandri* factors." *Hammerling*, 615 F. Supp. 3d at 1085. The *LiMandri* factors are present when the defendant "(1) … is in a fiduciary relationship with the plaintiff; (2) … had exclusive knowledge of material facts not known to the plaintiff; (3) … actively conceals a material fact from the plaintiff; and (4) … makes partial representations but also suppresses some material facts." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997). As an initial matter, Plaintiff does not allege that Acushnet's failure to disclose the use of "tracking" software relates to an

– 27 –   Case No.: 8:23-cv-00346-HDV-ADS

unreasonable safety hazard or that the use of this software "prevent[s] the [Websites] from 'performing a critical or integral function,' or render[s] the [Websites] 'incapable of use' for all users." *Hammerling*, 615 F. Supp. 3d. at 1086 (citing *Knowles v. ARRIS Int'l PLC*, 847 F. App'x 512, 513-14 (9th Cir. 2021); *Ahern v. Apple*, 411 F. Supp. 3d 541, 567 (N.D. Cal. 2019)).

Plaintiff also fails to provide facts supporting his claims that Acushnet had a duty to disclose under the second (exclusive knowledge) or third (active concealment) *LiMandri* factors. *See* FAC ¶ 176. "'Mere nondisclosure does not constitute active concealment.'" *Anderson*, 500 F. Supp. 3d at 1015 (citing *Czuchaj v. Conair Corp.*, No. 13—cv-01901-BEN-RBB, 2014 WL 1664235 at *6 (S.D. Cal. Apr. 18, 2014)). "Instead, a party must take 'affirmative acts' that 'hid[] conceal[], or cover up[]' the omitted information." *Id.* (citing *Lingsch v. Savage*, 213 Cal. App. 2d 729, 734 (1963)). Plaintiff does not provide any facts showing Acushnet took "affirmative acts" to hide its "tracking practice." *See e.g.* ¶¶ 176-178. Similarly, Plaintiff provides no facts to support his allegation that Acushnet "had exclusive knowledge of [its tracking practices]." FAC ¶ 176; *compare to Anderson*, 500 F. Supp. 3d at 1015 (plaintiffs plausibly alleged that Apple had superior knowledge of the alleged "defect," because (1) the defect was a design choice; and (2) the decision of what antenna to choose was "technical, internal to the phone, and would plausibly not be within the ken of a reasonable consumer").

Thus, Plaintiff fails to establish that Acushnet had a duty to disclose and his claim under the fraudulent prong of the UCL must be dismissed. *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006) ("[A] failure to disclose a fact one has no affirmative duty to disclose is [not] 'likely to deceive' anyone within the meaning of the UCL."); *see also Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1557 (2007) ("Absent a duty to disclose, the failure to do so does not support a claim under the fraudulent prong of the UCL.").

– 28 –     Case No.: 8:23-cv-00346-HDV-ADS

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

### 3.    Acushnet Did Not Act Unlawfully.

The UCL "'borrows' violations of other laws and treats them as independently actionable." *Perea v. Walgreen Co.*, 939 F. Supp. 2d 1026, 1040 (C.D. Cal. 2013) (citing *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999)). For the reasons discussed above, Plaintiff's allegation that Acushnet acted "unlawfully" is premised on his insufficient statutory, constitutional, and common law claims. FAC ¶ 169. The success of Plaintiff's "unlawful" UCL claim is contingent on the success of these other claims, and because those fail, a UCL claim on "unlawful" grounds similarly must fail. *See Tae Hee Lee v. Toyota Motor Sales, U.S.A., Inc.*, 992 F. Supp. 2d 962, 976 (C.D. Cal. 2014) (held plaintiff could "not state a UCL claim based on unlawful conduct because [p]laintiffs … failed to identify any violations of a predicate law necessary to support such a claim").

### 4.    Acushnet Did Not Act Unfairly.

Finally, Plaintiff fails to state a claim under the "unfair" prong of the UCL. In order to determine whether business practices violate this prong, "California courts have long applied a balancing test." *Spiegler v. Home Depot U.S.A. Inc.*, 552 F. Supp. 2d 1036, 1045 (C.D. Cal. 2008). Under this test "the determination of whether a particular business practice is unfair … weigh[s] the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Motors, Inc. v. Times Mirror Co.*, 102 Cal. App. 3d 735, 740 (1980). Then, in *Cel-Tech*, the Supreme Court of California rejected the "balancing test" and held that "any finding of unfairness … [must] be tethered to some legislatively declared policy." *See Cel-Tech Commc'ns*, 20 Cal. 4th at 186. The Ninth Circuit has "'endors[ed]'" a "district court's use of the balancing test" but also reasoned that "adopting one standard does not necessitate rejection of the other." *Spiegler*, 552 F. Supp. 2d at 1045 (citing *Lozano v. AT&T Wireless Services,*

– 29 –    Case No.: 8:23-cv-00346-HDV-ADS

*Inc.*, 504 F.3d 718, 736 (9th Cir. 2007)). Plaintiff fails to allege a violation of the unfairness prong under either test.

First, Plaintiff fails to satisfy the "balancing test" because Acushnet's "failure to disclose information it had no duty to disclose in the first place is not substantially injurious, immoral, or unethical." *Hodson*, 891 F.3d at 867. Second, Plaintiff's allegation that "Acushnet's conduct is substantially unfair, predatory, and contrary to California's legislatively declared public policy in favor of protecting the privacy and security of personal communications" [*see* FAC ¶ 170] fails to tether his claim to "specific constitutional, statutory or regulator provisions." *Gregory v. Albertson's, Inc.*, 104 Cal. App. 4th 845, 854 (2002) (emphasis added).

Regardless, Plaintiff's claims under this prong fail because they "overlap entirely" with Plaintiff's claims under the "fraudulent" and "unlawful" prongs. *Hadley v. Kellogg Sales Company*, 243 F. Supp. 3d 1074, 1104-05 (N.D. Cal. 2017) ( "where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive."). The underlying business practice at issue under all three prongs is Acushnet's failure to disclose its alleged secret interception of its Website visitors' communications. FAC ¶¶ 169, 171-173, 176-178.

For the reasons discussed above, Plaintiff's claims under the UCL's "fraudulent" and "unlawful" prongs fail, thus his claims under the "unfair" prong cannot survive and must be dismissed.

### 5.    Plaintiff Has An Adequate Remedy At Law

"[A] federal court's equitable authority remains cabined to the traditional powers exercised by English courts of equity, even for claims arising under state law." *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 840 (9th Cir. 2020). A plaintiff therefore is not entitled to equitable relief where there is an adequate remedy at law. *Schroeder v.*

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

– 30 –          Case No.: 8:23-cv-00346-HDV-ADS

*United States*, 569 F.3d 956, 963 (9th Cir. 2009). The UCL is an equitable claim. *Nationwide Biweekly Admin., Inc. v. Super. Ct.,* 462 P.3d 461, 488 (Cal. 2020) ("civil causes of action authorized by the UCL and FAL must properly be considered equitable, rather than legal, in nature"). In as much as the Court finds Plaintiff has adequately pled his other claims, he has an adequate legal remedy and is not entitled to equitable relief under the UCL.

### F.    Plaintiff's Claims are Barred by the Statute of Limitations.

CIPA has a one-year statute of limitations. Cal. Code Civ. Proc. § 340(a); *Montalti v. Catanzariti*, 191 Cal. App. 3d 96, 97-98 & n.1 (1987). Plaintiff's other claims are subject to a two-year statute of limitations. Cal. Code Civ. Proc. § 335.1 (two year statute of limitations applicable to claims for invasion of privacy). Plaintiff does not plead <u>any</u> facts as to when he used the Websites, and in as much as that activity occurred outside the applicable statutes of limitations, his claims should be dismissed.

### G.    The FAC Should be Dismissed Without Leave to Amend.

The Court should dismiss Plaintiff's FAC without leave to amend because Plaintiff cannot show that he can cure the defects in his pleading. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). There is no amendment that can be truthfully made that would allow Plaintiff to assert colorable wiretap and derivative claims against Acushnet based on the routine use of third-party software on its ecommerce Websites.

## V.    CONCLUSION

For the reasons discussed herein, Acushnet respectfully request that this Court grant its Motion to Dismiss and deny Plaintiff leave to amend.

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Dated: July 6, 2023

/s/ *Rebecca G. Durham*
Rebecca G. Durham
Ashley L. Shively
HOLLAND & KNIGHT LLP
560 Mission Street,
Suite 1900
San Francisco, CA 94105

*Attorneys for Defendants*

Acushnet Company and Acushnet Holdings Corp.

## **Local Rule 11-6.2 Attestation**

The undersigned, counsel of record for Acushnet Company and Acushnet Holdings Corp., certifies that this brief contains 6,828 words which complies with the word limit of L.R. 11-6.1.

Dated: July 6, 2023

/s/ *Rebecca G. Durham*
Rebecca G. Durham

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, 94105
Tel: (415) 743-6900
Fax: (415) 743-6910

– 32 –   Case No.: 8:23-cv-00346-HDV-ADS
DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT